**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-1136**

MIGUEL ANGEL GARCIA-ZUNIGA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals

Submitted: August 20, 2024                              Decided: September 20, 2024

Before DIAZ, Chief Judge, KING, Circuit Judge, and FLOYD, Senior Circuit Judge.

Petition dismissed in part, and denied in part, by unpublished per curiam opinion.

**ON BRIEF:** Marc Seguinót, SEGUINOT & ASSOCIATES, PC, Fairfax, Virginia, for Petitioner.  Brian M. Boynton, Principal Deputy Assistant, Aimee J. Carmichael, Acting Assistant Director, Janice K. Redfern, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Angel Garcia-Zuniga, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (Board) denying his motion to reopen the Board's prior decision upholding the denial of cancellation of removal. We dismiss and part and deny in part the petition for review.

We have reviewed the record and Garcia-Zuniga's claims and conclude that he does not challenge the Board's order under review here, the January 11, 2023, denial of reopening; rather, he directly disputes the Board's decision of March 23, 2021, upholding the denial of cancellation of removal. As Garcia-Zuniga failed to timely file a petition for review of the March 23, 2021, decision—and his timely motion to reopen did not toll the time for filing a petition for review of that order in this court—we lack jurisdiction to consider those arguments. *See* 8 U.S.C. § 1252(b)(1); *Stone v. INS*, 514 U.S. 386, 394, 405 (1995). We therefore dismiss the petition for review in part.

Next, Garcia-Zuniga contends that the term "exceptional and extremely unusual hardship" in the cancellation of removal statute is unconstitutionally vague, resulting in unfairness in his case. *See* 8 U.S.C. § 1229b(b)(1). To the extent this argument may be construed as challenging the denial of reopening, such claim necessarily fails because a noncitizen does not have a constitutionally protected liberty or property interest in a discretionary form of relief from removal. *See Dekoladenu v. Gonzales*, 459 F.3d 500, 508 (4th Cir. 2006) ("No property or liberty interest can exist when the relief sought is discretionary."), *abrogated on other grounds by Dada v. Mukasey*, 554 U.S. 1, 22-23 (2008); *Smith v. Ashcroft*, 295 F.3d 425, 429-30 (4th Cir. 2002) (concluding that

2

petitioner's due process claim failed because he had no liberty or property interest in discretionary relief).

Accordingly, we dismiss in part and deny in part the petition for review. *In re Garcia-Zuniga* (B.I.A. Jan. 11, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART;*
*DENIED IN PART*